IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Demetrius Jarod Smalls, #286806, | Civil Action No. 4:16-3645-BHH |
| Plaintiff, | |
| vs. | **ORDER AND OPINION** |
| Richard M. Gergel, Wallace Dixon, Alan M. McCrory, Margaret Seymour, | |
| Defendants. | |

This matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina. On March 22, 2017, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff Demetrius Jarod Smalls' ("Plaintiff") complaint be summarily dismissed with prejudice and without issuance and service of process. (ECF No. 41.) Additionally, the Magistrate Judge notes that Plaintiff has two prior strikes pursuant to 28 U.S.C § 1915(g), and the dismissal of this case for the reasons recommended in the Report would constitute his third strike. The Report sets forth in detail the relevant facts and standards of law and the Court incorporates them without recitation.[1]

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976).

---

[1] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge; comprehensive recitation of law and fact exists there.

1

The Court is charged with making a *de novo* determination of any portions of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## **DISCUSSION**

Plaintiff objects to the Court's adopting of the Report and "adding a strike to [his] filing so, that [he] will have to pay such fees, before, [he] can sue anyone again."[2] (ECF No. 46 at 1.) Plaintiff argues that the "U.S. Government offices, officers, and departments are Bankrupt and Insolvent, dissolving their Sovereign Authority and official Capacities rendering them to be only acting in name and their status is de facto." (*Id.* at 2.) He further asserts that he "cannot ever pay the filing fees in gold or silver, because T. Roosevelt changed the gold standard and abrogated the gold clause," and that "[t]his court can only be given 'collateral' and/or promissary note, and this would lead to [him] being sued, criminal prosecuted for not paying such debt in gold or silver, as Article I, Section 10 (USCA) only permits all states to make gold or silver the only tender of payment to a debt." (*Id.*) Plaintiff also contends that "[a]ll debts to the U.S.A.

---

[2] Except were necessary changes are indicated with brackets, all quotations from Plaintiff's objections have been copied verbatim, including grammatical, spelling, and punctuation errors.

are 'colorable' and have 'no good and valuable consideration', because everything filed (orders) by Judges and Clerks, has been administered with promissary notes and not gold or silver in violation of Article I, Section 10 (USCA); H.J.R. 192, 73rd Congress Session June 5, 1933." (*Id.*) Finally, Plaintiff argues, "[a]ll strikes tendered under the PLRA are 'colorable' and Fraudulently Transferred because Federal Reserve Notes were used to pay debts for administrative(s) costs and fees . . . ." (*Id.* at 3.) In short, Plaintiff's objections are utterly nonsensical and bear no rational relationship to the putative substance of his complaint or the Magistrate Judge's Report.

Objections to the Report are meant to be specific and to draw the Court's attention to a legal issue for which there is legal support or a factual issue for which there is support in the record. Plaintiff filed his initial objections on April 12, 2017 (ECF No. 46) and has continued to inundate the Court with subsequent filings purporting to supplement his original objections. (*See* ECF Nos. 48, 50, 51, 52, 55, 56, 57, 58.) The Court has carefully reviewed these numerous filings. The filings fail to state a specific objection or direct the Court to any specific error in the Magistrate's proposed findings and recommendations that: (1) Plaintiff's allegations are generalized, conclusory, and fail to state a plausible civil rights claim, including any claim for conspiracy; (2) Plaintiff's attempt to sue three federal judges for monetary damages is precluded by the fact that such Defendants are protected by absolute judicial immunity for their judicial actions in Plaintiff's prior cases; (3) Plaintiff's attempt to sue the South Carolina Attorney General for monetary damages is precluded by the fact that prosecutors have prosecutorial immunity for their acts taken in a criminal prosecution; (4) Plaintiff may not sue the South Carolina Attorney General under a theory of *respondeat superior*; (5) Plaintiff

seeks relief that is not available or appropriate in this civil rights action, namely monetary damages from Defendants protected by immunity, release from prison precluded by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and prosecution of the Defendants; and (6) Plaintiff cannot challenge the Court's prior ruling on his petition for a writ of habeas corpus, which was upheld on appeal, through the vehicle of this civil rights action. (*See* ECF No. 41.) Rather, Plaintiff's rambling objections merely state irrelevant and/or inaccurate interpretations of law, including an impenetrable morass of claims challenging the sovereignty of United States government and claiming to be a "secured party/creditor" to Defendants who are his alleged "debtors." Nevertheless, out of an abundance of caution, the Court has conducted a *de novo* review of the Report and the record. The Court finds Plaintiff's objections to be without merit and hereby overrules them. The Court further finds that the analysis in the Report is accurate and evinces no error.

Accordingly, the Report and Recommendation is adopted and incorporated herein by specific reference. This action is dismissed *with prejudice* and without issuance and service of process. Moreover, this action is frivolous and constitutes Plaintiff's third strike pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

August 23, 2017
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.